UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GILBERT JUNIOR DAVIS, | ) | CASE NO. 4:22-CV-2265 |
| Petitioner, | ) ) | JUDGE CHARLES E. FLEMING |
| vs. | ) ) ) | **MEMORANDUM OPINION AND** |
| UNITED STATES PAROLE COMMISSION, | ) ) ) | **ORDER** |
| Respondent. | ) ) | |

## I. INTRODUCTION

*Pro se* Petitioner, Gilbert Junior Davis, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). He is currently incarcerated in the Elkton Federal Correctional Institution, having been convicted in the District of Maryland in 2018 on drug offenses. *Id*. In his Petition, Davis states that the United States Parole Commission placed a detainer on him for violating the terms of supervised release when he committed the offense for which he is currently incarcerated. He claims the detainer is preventing his transfer to a facility closer to his home and participation in programming. He indicates his sentence will be served in August 2023 and he would like the detainer to be addressed so he can be released to a halfway house.

## II. BACKGROUND

Davis was convicted in the Superior Court of the District of Columbia on charges of possession with intent to distribute cocaine. The Court sentenced him on October 18, 2012, to sixteen months incarceration followed by five years of supervised release. *See United States v.*

1

*Davis*, No. 2011 CF2 0198680 (D.C. Superior Ct. Oct. 18, 2012). He began the supervised release portion of his sentence on August 1, 2013.

On December 7, 2016, Davis and seven other Defendants were indicted in the United States District Court for the District of Maryland on one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of phencyclidine ("PCP"). Davis was also indicted on multiple counts of using a communication device to facilitate a drug felony (Counts 2–5). He was convicted after a jury trial on Counts 2–4 and acquitted on Count 5. The jury failed to reach a verdict on the conspiracy charge in Count 1. He was sentenced on September 7, 2018, to 92 months imprisonment.

On July 30, 2018, one day before Davis's supervised release expired on his 2012 conviction in the Superior Court of the District of Columbia, the United States Parole Commission issued a warrant for Davis's arrest for violating the terms of his supervised release based on the drug charges in the District of Maryland. That warrant was lodged as a detainer and seeks his return to the District of Columbia for a hearing on the supervised release violation upon his release from federal prison in August 2023. Davis claims that the detainer is preventing him from being transferred to a prison closer to his home and prevents him from participating in programming that could result in earlier placement in a halfway house or release to the community. He indicates he would like to address the detainer prior to his release from federal prison.

### III.  STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"

*Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

## IV. DISCUSSION

As an initial matter, Davis does not assert any particular claim with regard to his challenge to the detainer. He simply asks that this Court address it.

Petitions under 28 U.S.C. § 2241 may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). To the extent Petitioner is challenging the existence of the parole violator warrant, he cannot proceed in a § 2241 Petition. This Court does not have jurisdiction over the District of Columbia Superior Court and cannot impose restrictions on their ability to proceed with sanctions for violating Petitioner's supervised release. Moreover, this Court notes that Petitioner raised a speedy trial claim pertaining to the detainer warrant in the District of Columbia Superior Court. That motion is still pending.

To the extent Petitioner is arguing that the detainer warrant is preventing him from participating in programing or obtaining a transfer to a prison closer to his home, he fails to state a claim upon which relief may be granted. He has no constitutional right to any particular prison

placement or security classification. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). He also has no constitutional right to participate in a community placement program or a rehabilitative treatment program. *Davis v. Loucks*, No. 96–1583, 1997 WL 215517, at *1 (6th Cir. Apr. 29, 1997); s*ee, e.g., Moody*, 429 U.S. at 88 n. 9 (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services); *Carter v. Morgan*, No. 97–5580, 1998 WL 69810, at *2 (6th Cir. Feb. 10, 1998) (no constitutional right to educational classes).

## V.  CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court **CERTIFIES** an appeal could not be taken in good faith.

**IT IS SO ORDERED.**

Date:  March 13, 2023

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

4